ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I (DJ 2025-063A)

| MARCELO ALÍ, KIRENIA PÉREZ t/c/c KIRENIA ALÍ, y la SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; CORPORACIÓN VILLAS SAN AGUSTÍN y HOGAR SAN AGUSTÍN Y TERESA, INC.; RESIDENTIAL SERVICES, LLC; RESIDENTIAL SERVICES CORP., <br><br> Apelante, <br><br> v. <br><br> IVÁN PADILLA MUÑOZ; LYMARIE ROBLES CENTENO; ERIS J. CENTENO MEDERO, <br><br> Apelada. | TA2026AP00378 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Carolina. <br><br> Civil núm.: SJ2025CV11029. <br><br> Sobre: acción civil. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente

SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2026.

El señor Marcelo Alí, y otros, nos invita a revocar la *Sentencia* emitida el 12 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el aludido dictamen el foro primario declaró con lugar la solicitud de desestimación presentada por el señor Padilla Muñoz, y otros, al amparo de la Regla 10.2 (1) y (5) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V.

Por los los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

I

El 9 de diciembre de 2025, el señor Marcelo Alí, su esposa, la señora Kirenia Pérez, y la sociedad legal de bienes gananciales compuesta por

ambos, así como la Corporación Villas San Agustín y Hogar San Agustín y Teresa, Inc. (Corporación), y Residential Services, LLC (Residential) (en conjunto, parte apelante), presentaron una demanda de interdicto, orden de protección y daños contra el señor Iván Padilla Muñoz; la señora Lymarie Robles Centeno y la señora Eris J. Centeno Medero (en conjunto, parte apelada)[1]. La referida reclamación se instó al amparo de la Ley Núm. 121-2019, según enmendada, intitulada *Carta de Derechos y la Política Pública del Gobierno a Favor de Adultos Mayores*, 8 LPRA sec. 1511-1534 (Ley Núm. 121-2019); la Ley Núm. 76-2020, según enmendada, intitulada *Ley Especial para Prevenir la Explotación Financiera contra los Adultos Mayores y Adultos con Impedimentos*, 8 LPRA sec. 1571-1577 (Ley Núm. 76-2020); y la Ley Núm. 164-2009, según enmendada, intitulada *Ley General de Corporaciones*, 14 LPRA sec. 3501-4084 (Ley Núm. 164-2009).

En la demanda, la parte apelante alegó que el señor Marcelo Alí tenía 71 años, por lo que estaba cobijado por las leyes que protegen a los adultos mayores. Señaló que la Corporación operaba el Hogar San Agustín y Teresa (Hogar), ubicado en San Juan, Puerto Rico. Manifestó que el señor Marcelo Alí era el presidente de la Junta de directores del Hogar, además de ser miembro y propietario de Residential, compañía titular de la propiedad en la que está localizado el Hogar. Adujo que el señor Padilla Muñoz tomó de forma abrupta la posesión, el uso y el disfrute de la propiedad inmueble donde ubica el Hogar, sin que mediara remuneración alguna a favor de sus propietarios. También, alegó que la parte apelada controlaba la administración del Hogar y promovía el maltrato y la explotación financiera, tanto de los adultos mayores de edad como del señor Marcelo Alí.

En cuanto a la solicitud de interdicto al amparo del Art. 7.15 de la Ley Núm. 164-2009, sostuvo que, a pesar de la información que surge en el portal cibernético del Departamento de Estado, la Junta de directores

---

[1] Entrada 1 del *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Primera Instancia (SUMAC TPI).

legítima de la Corporación era la correspondiente al año 2025, la cual estaba constituida por el señor Marcelo Alí, como presidente; por la señora Donna Ferri, como tesorera; y por el señor Juan Carlos Bonilla Serpa, como secretario. En este sentido, alegó que el señor Padilla Muñoz había renunciado a su puesto el 26 de junio de 2025, y que el 11 de agosto de 2025, celebró ilícitamente una reunión para constituir una nueva Junta de directores. Solicitó, entre otros asuntos, que la parte apelada desalojase las instalaciones del Hogar y cesara de actuar en representación de la Corporación. Asimismo, requirió un pronunciamiento que estableciera que la Junta de directores legítima era la constituida por el señor Marcelo Alí como presidente.

En relación con la acción de daños, la parte apelante solicitó una indemnización no menor de $500,000.00, entre otros conceptos, por la presunta transgresión de los derechos que cobijan a los adultos mayores de edad. Además, reclamó una suma de $250,000.00, por concepto de las pérdidas y daños adicionales causados, así como por las angustias mentales sufridas por el señor Marcelo Alí y por la señora Kirenia Pérez.

Luego de varias incidencias procesales, el 18 de diciembre de 2025, el foro primario celebró una vista y emitió una *Orden* de remedios provisionales, que incluyó un término para que la parte apelada presentara su solicitud de consolidación en el caso civil núm. SJ2025CV09312[2]. Sin embargo, debido a la inhibición voluntaria del juez que atendía el caso, la nueva jueza asignada dejó sin efecto la referida orden al día siguiente[3].

El 26 de enero de 2026, se celebró una segunda vista[4]. En esta, se ordenó el traslado a la Sala Superior de origen en San Juan[5]. En igual fecha, se emitió un referido al Departamento de la Familia, División de

---

[2] Entrada 27 SUMAC TPI.

[3] Entrada 42 SUMAC TPI.

[4] Entrada 98 SUMAC TPI.

[5] Entrada 105 SUMAC TPI.

Adultos Mayores de San Juan, para que iniciara de forma inmediata la investigación y la acción que correspondiesen[6].

El mismo 26 de enero de 2026, la parte apelada presentó una solicitud de desestimación[7]. Sostuvo que el señor Marcelo Alí carecía de legitimación activa para instar la acción del título en representación de la Corporación, toda vez que no era miembro legítimo de esta. Añadió que la propia parte apelante había admitido en su demanda que el Departamento de Estado había emitido una Determinación Administrativa, mediante la cual resolvió retrotraer las constancias del Registro de Corporaciones al estado vigente en el año 2023. A esos efectos, afirmó que la única Junta de directores reconocida para el año 2023 estaba integrada por los señores Padilla Muñoz, Rolando Betancourt y Bonilla Serpa. Alegó que, por tales motivos, el 15 de octubre de 2025, había presentado una demanda contra la parte apelante sobre sentencia declaratoria, nulidad de actos corporativos y notariales; orden al Registrador de la Propiedad; consignación de pagos; interferencia torticera; cobro de dinero, y daños y perjuicios.

Así, razonó que la parte apelante carecía de legitimación activa en virtud de la Ley Núm. 76-2020, debido a que el señor Marcelo Alí no era residente de Puerto Rico, y que la Sala Municipal era el foro con competencia sobre la materia. Adujo que la parte apelante basaba su reclamación en conjeturas y alegaciones conclusivas. Señaló que la controversia medular era la misma que en el pleito presentado por la parte apelada; es decir, la legitimidad de la Junta de directores, el control operacional del Hogar y la titularidad de los activos corporativos. En fin, alegó que permitir la continuación del caso generaría una duplicidad innecesaria y el riesgo de dictámenes contradictorios sobre el patrimonio de la Corporación.

---

[6] Entrada 97 SUMAC TPI.

[7] Entrada 89 SUMAC TPI.

El 30 de enero de 2026, la parte apelada presentó una *Moción suplementando moción de desestimación* en la cual reiteró que la controversia a ser dilucidada era puramente de naturaleza comercial y corporativa[8]. Planteó que el señor Marcelo Alí pretendía ampararse indebidamente en leyes de protección social de adultos mayores en Puerto Rico para adelantar su disputa a través de un recurso extraordinario.

En respuesta, el 25 de febrero de 2026, la parte apelante presentó su oposición a la solicitud de desestimación[9].

El 26 de febrero de 2026, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una *Orden de Traslado*[10]. Luego, el 5 de marzo de 2026, el Tribunal de Primera Instancia, Sala Superior de Carolina, ordenó la retención del expediente hasta la disposición final del caso[11].

Evaluados los planteamientos de las partes litigantes, el 12 de marzo de 2026, el foro recurrido dictó su *Sentencia* en la que declaró con lugar la moción de desestimación presentada por la parte apelada. El foro primario concluyó que las alegaciones de la demanda se circunscribían a una controversia contractual y sobre el manejo de una corporación. Asimismo, el foro *a quo* señaló que los fundamentos en los cuales el señor Marcelo Alí sustentaba su legitimación activa en la solicitud de interdicto eran objeto de impugnación ante una sala hermana en un caso de mayor antigüedad; a saber, el caso núm. SJ2025CV09312.

Inconforme, con dicha determinación, la parte apelante instó este recurso, en el que formuló los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia (TPI) al desestimar la *Demanda* de epígrafe al acoger la *Solicitud de Desestimación* al amparo de la Regla 10.2, supra, promovida por la parte demandada-recurrida, a pesar de que la misma no cumplía en manera alguna con los requerimientos estatutarios y jurisprudenciales aplicables a este tipo de solicitud.

---

[8] Entrada 103 SUMAC TPI.

[9] Entrada 108 SUMAC TPI.

[10] Entrada 114 SUMAC TPI.

[11] Entrada 117 SUMAC TPI.

Erró el Honorable Tribunal de Primera Instancia (TPI) al acoger los planteamientos de la parte demandada-recurrida de que los Jueces Municipales son los únicos que pueden atender y emitir órdenes de protección y de remedios provisionales en favor de los adultos mayores bajo las leyes que protegen el maltrato contra estos, Ley 121, supra y Ley 76, supra, al igual que al indicar de que el tema era *inconsecuente* para resolver la solicitud de desestimación, cuando ese fue uno de los argumentos principales invocados por la parte demandada-recurrida para promover su solicitud bajo la Regla 10.2, fue objeto de preguntas y expresiones promovidos por la propia Hon. Juez Gloria De Jesús Machargo en la primera vista en que atendió el caso, e inclusive directa o indirectamente lo tomó en consideración para emitir su determinación en la *Sentencia*.

Erró el Honorable Tribunal de Primera Instancia (TPI) al indicar que en el caso de epígrafe no procedía emitir una orden de protección al amparo de la Ley 121, supra, ni de la Ley 76, supra, o sea, implicando que no tenía merito alguno en cuanto a leyes indicadas.

Erró el Honorable Tribunal de Primera Instancia (TPI) al indicar que el Sr. Marcelo Alí, si bien tenía más de 60 años, no le era de aplicación las leyes 121 y 76 así como la solicitud de orden de protección, acogiendo de esta forma, y entre otras, la alegada falta de *legitimación activa* promovida por la parte demandada recurrida de que al no ser residente de Puerto Rico no estaba protegido por ley.

Erró el Honorable Tribunal de Primera Instancia (TPI) al tampoco considerar ni otorgarle *legitimación activa* a Marcelo Ali para proteger al medio centenar de adultos mayores de edad que residen en el *Hogar San Agustín y Teresa*, a pesar de que el mismo es el Presidente de la Junta de Directores a cargo de la *Corporación*, una corporación organizada y establecida al amparo de las leyes de Puerto Rico; la *Corporación* opera el *Hogar* localizado en el municipio de San Juan, Puerto Rico, con una licencia expedida por el Departamento de la Familia, y del cual Marcelo Ali también es el dueño; en el *Hogar* residen todos los adultos mayores que Marcelo Ali también tiene el deber de proteger en virtud de los diferentes roles antes indicados, ya sea, como dueño de la propiedad, dueño del *Hogar*, dueño de la Corporación, como Presidente de la Junta de Directores de la *Corporación*, o simplemente, y según dispone la Ley 121, en calidad de *una persona interesada por el bienestar y protección de los adultos mayores*.

Erró el Honorable Tribunal de Primera Instancia (TPI) al pasar por alto y tampoco tomar en consideración que Marcelo Alí no era el único demandante en el caso, sino que la *Corporación Villas San Agustín y Hogar San Agustín y Teresa, Inc.*, también es otra codemandante en el mismo, y a su vez la entidad que precisamente es la tenedora de la licencia expedida por el Departamento de la Familia para operar el *Hogar San Agustín y Teresa*. Por tanto, tiene también plena *legitimación activa* para promover las causas de acción y reclamos de la *Demanda* de epígrafe, particular que ni siquiera se toma en consideración por el TPI.

Erró el Honorable Tribunal de Primera Instancia (TPI) al indicar que el Sr. Marcelo Alí, no se encuentra en una *situación de vulnerabilidad bajo cualquiera de los tipos de conductas proscritas en las leyes* de maltrato y explotación financiera invocadas, a pesar de la magnitud de los asuntos que se trajeron ante la atención del Tribunal no solo en virtud de las alegaciones de la *Demanda* sino de los escritos que obran en autos.

Erró el Honorable Tribunal de Primera Instancia (TPI) al simplificar el caso y las alegaciones de la *Demanda* de epígrafe, sustentando su desestimación a base de la contención de la parte demandada-recurrida de que las alegaciones de la misma se circunscriben meramente a una controversia contractual y sobre el manejo de una corporación. Ello a pesar de que ni siquiera la Demanda trata de la existencia de un *Contrato* entre las partes y sus incumplimientos, y de que el TPI también estaba requerido a atender la situación invocada al amparo del Artículo 7.15 de la Ley de Corporaciones.

Erró el Honorable Tribunal de Primera Instancia (TPI) al indicar que el *interdicto estatutario* al amparo del Artículo 7.15 de la Ley de Corporaciones no procedía ya que el Departamento de Estado de Puerto Rico había determinado reconocer en el *Registro de Corporaciones* a la Junta de Directores de 2023 y por qué en los documentos posteriores presentados poseen deficiencias estatutarias con la Ley 164-2009, supra. Ello a pesar de que en la *Determinación Administrativa* que se emitió el 22 de septiembre de 2025 por el Lcdo. José Nogueras Gantú, Director del Registro de Corporaciones del Departamento de Estado, sobre que la Junta de Directores de la *Corporación* que se reflejaría en el Portal Cibernético de la agencia sería la del 2023, el mismo fue enfático en señalar que la determinación era de "*carácter cautelar y preliminar, y no constitu[ía] adjudicación final sobre la legitimidad de la junta*". *Su propósito es preservar la exactitud del registro, evitar mayores perjuicios y una vez exista un consenso voluntario formalmente adoptado por las partes mediante resolución juramentada, o, en su defecto, cuando así lo disponga un foro judicial con jurisdicción y competencia que determine en forma final la legitimidad de la composición de la junta*".

(Bastardillas en el original; énfasis omitido).

El 13 de abril de 2026, la parte apelante también presentó una *Solicitud de Auxilio de Jurisdicción* la cual fue declarada sin lugar mediante nuestra *Resolución* del 14 de abril de 2026.

El 13 de mayo de 2026, la parte apelada presentó su oposición al recurso.

Examinados los escritos de las partes comparecientes, resolvemos.

II

A

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla reza como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: **(1) falta de jurisdicción sobre la materia**; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.

(Énfasis nuestro).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). Por tanto, la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Es decir, al determinar si una demanda expone una reclamación plausible que justifique la concesión de un remedio, no corresponde evaluar si existe prueba que sustente las aseveraciones formuladas en esta. *Saint Mary Investments, LLC v. Denton Morales*, op. de 9 de abril de 2026, 2026 TSPR 35, 2018 DPR __ (2026).

Así pues, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Pressure*

*Vessels P.R. v. Empire Gas P.R.*, 137 DPR, a la pág. 505. Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

B

La Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, dispone en su segunda oración el principio cardinal que regirá su aplicación e interpretación: "Se interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". En armonía con esta máxima, el Tribunal Supremo de Puerto Rico ha enfatizado que precisa tener presente, como principio rector, que las Reglas de Procedimiento Civil no tienen vida propia y solo existen para viabilizar la consecución del derecho sustantivo de las partes litigantes. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986).

Por su parte, la Regla 11 de Procedimiento Civil, 32 LPRA Ap. V, regula lo referente a la reconvención. Esta regla reconoce dos tipos de reconvención: la compulsoria y la permisible. Véase, además, *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423-424 (2012). En cuanto a la **reconvención compulsoria**, la Regla 11.1 de Procedimiento Civil dispone que:

> Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Sin embargo, no será necesario incluir dicha reclamación mediante reconvención si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente.

En *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR, a la pág. 424, el Tribunal Supremo expresó que "[e]l propósito de esta regla es evitar la multiplicidad de litigios al establecer un mecanismo para dilucidar todas las controversias comunes en una sola acción".

Asimismo, el Tribunal Supremo interpretó la Regla 11.1 a los efectos de delimitar las instancias en que una reconvención es compulsoria. Con este fin, consignó que:

> Una reconvención es compulsoria: "(1) si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención"; (2) "cu[a]ndo los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto"; (3) "[s]i las cuestiones de hecho y de derecho entre ambas son las mismas"; (4) "si la doctrina de *res judicata* impediría una acción independiente"; y (5) "si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente".

*Consejo Titulares v. Gómez Estremera et al.*, 184 DPR, a la págs. 424-425. (Cita omitida). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed. San Juan, LexisNexis, 2017, a las págs. 431-432.

Así pues, si una reconvención compulsoria no se formula a tiempo, se renuncia a la causa de acción que la motiva, y quedarán totalmente adjudicados los hechos y las reclamaciones, sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos. En este sentido, le aplicará por analogía el principio de cosa juzgada, al efecto de que será concluyente en relación con aquellos asuntos que pudieron haber sido planteados y no lo fueron. *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR, a la pág. 425.

A tenor con lo anterior, la Regla 38.1 de Procedimiento Civil faculta al tribunal para ordenar la celebración de una sola vista o juicio, de cualquiera o de todas las cuestiones litigiosas envueltas, cuando los pleitos pendientes comprendan cuestiones comunes de hechos o de derecho. Además, podrá consolidar los pleitos y dictar órdenes que eviten gastos o dilaciones innecesarias. **De esta forma, nuestro ordenamiento persigue evitar la proliferación de acciones y la indeseable probabilidad de que se emitan determinaciones incompatibles relacionadas con un mismo incidente**. Hernández Colón, *op. cit.*, a la pág. 573.

C

La Ley Núm. 121-2019 declara política pública establecer un orden público e interés social mediante la creación de las condiciones necesarias para garantizar la protección, atención, bienestar y desarrollo de los adultos

mayores a partir de los sesenta (60) años, logrando así su plena integración al desarrollo social, económico, político y cultural de Puerto Rico. 8 LPRA sec. 1512. En lo concerniente a las órdenes de protección, el Art. 9 de la aludida ley dispone como sigue:

> Cualquier persona adulta mayor que haya sido víctima de cualesquiera tipos de abandono o maltrato, según descritos en esta ley, o de conducta constitutiva de delito según tipificado en el Código Penal de Puerto Rico o en cualquier otra ley especial, podrá radicar por sí, por conducto de su representante legal, por un agente del orden público, por tutor legal, por funcionario público o por cualquier persona particular interesada en el bienestar de la persona adulta mayor una orden de protección en el tribunal.
>
> .        .        .        .        .        .        .        .

8 LPRA sec. 1519.

Del mismo modo, la Ley Núm. 76-2020 protege a los adultos mayores y adultos con impedimentos de cualquier acto de explotación financiera. 8 LPRA sec. 1572. En este sentido, su Art. 2 establece que el concepto de explotación financiera será definido según lo dispuesto en la Ley Núm. 121-2019, a saber:

> [C]omo el uso impropio de los fondos, de la propiedad, o de los recursos de un adulto mayor por otra persona, incluyendo, pero no limitándose a, fraude, falsas pretensiones, malversaciones de fondos, conspiración, falsificación de documentos, falsificación de expedientes o récords, coerción, transferencia de propiedad, o negación de acceso a bienes.

8 LPRA sec. 1572.

### D

El Art. 7.15 de la Ley Núm. 164-2009 establece un proceso para la impugnación de elecciones de directores y los procedimientos para determinar su validez. En lo pertinente, dispone lo siguiente:

> A petición de cualquier accionista o director, o de cualquier oficial cuyo cargo esté siendo impugnado o cualquier miembro de una corporación sin acciones de capital, el Tribunal de Primera Instancia (Sala Superior) podrá oír a las partes y determinar la validez de cualquier elección, nombramiento, destitución o renuncia de cualquier director, miembro de un organismo directivo u oficial de cualquier corporación, así como el derecho de cualquier persona a ejercer o continuar ejerciendo tal cargo y, si el cargo fuere reclamado por más de una persona, podrá determinar a cuál de ellas le corresponde el mismo. En cualquiera de estos casos y a esos efectos, el Tribunal de Primera Instancia (Sala Superior) podrá, con plena facultad para obligar a su cumplimiento, ordenar y decretar, según sea justo y razonable, la presentación de cualquier libro, documento o

cuenta de la corporación relacionado con el asunto. Si se concluyera que no ha habido elección válida, el Tribunal de Primera Instancia (Sala Superior) podrá ordenar que se efectúe una elección, según lo prescrito en el Artículo 7.01 de esta Ley. […]

14 LPRA sec. 3655.

Por su parte, el profesor Díaz Olivo sostiene que el mecanismo previamente dispuesto es de naturaleza sumaria, dirigido a resolver con prontitud las controversias sobre impugnaciones a los procesos electorales y de selección de funcionarios, evitando así que las operaciones de la corporación sean afectadas por conflictos respecto de quiénes ostentan los cargos de directores u oficiales. C.E. Díaz Olivo, *Corporaciones: Tratado de Derecho Corporativo*, 2da ed. rev., Editorial AlmaForte, 2018, pág. 289. La acción judicial tiene como propósito "disponer de impugnaciones sobre procesos eleccionarios en los que participaron varios candidatos y existe incertidumbre en cuanto a la legitimidad de la junta seleccionada". *Op. cit.* De modo que, en casos de impugnación, los tribunales podrán diseñar y conceder los remedios que estimen pertinentes, conforme a su discreción. *Op. cit.*, a la pág. 290.

III

Los errores señalados por la parte apelante están íntimamente relacionados, por lo que se abordarán de manera conjunta. En síntesis, la parte apelante argumenta que el foro primario erró al no concederle una orden de protección al amparo de la Ley Núm. 121-2019 y de la Ley Núm. 76-2020, y al no emitir un *injunction* conforme a la Ley Núm. 164-2009. Sostiene que el foro *a quo* erró al concluir que ni el señor Marcelo Alí ni la Corporación contaban con legitimación activa para instar las causas de acción consignadas en su demanda. No le asiste la razón.

Como punto de partida, recordemos que la desestimación de una demanda procede cuando esta no expone una reclamación que justifique la concesión de un remedio. Debemos puntualizar, además, que tanto la Ley Núm. 121-2019 como la Ley Núm. 76-2020 tienen como propósito garantizarles a los adultos mayores de 60 años su bienestar y de

protegerlos de cualquier acto de explotación financiera. En ese contexto, cualquier persona adulta mayor que haya sido víctima de abandono o maltrato o de conducta constitutiva de delito puede procurar una orden de protección.

No obstante, al hacer un análisis de las alegaciones de la demanda, concluimos que estas pormenorizan la falta de legitimidad de la Junta de directores de la Corporación que opera el Hogar. Es decir, la parte apelante alegó que la única junta legítimamente constituida es la de julio de 2025. Asimismo, sostuvo que la presunta junta electa el 11 agosto de 2025 tenía el control sobre la Corporación y el Hogar sin autoridad en ley para ello. Argumentó que esta última promovió el mal manejo de fondos y de bienes del señor Marcelo Alí y de los adultos mayores de edad del Hogar[12]. Por tanto, luego de tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte apelante, coincidimos con el foro primario en que estos se centran en una disputa de carácter corporativo y no en una controversia de protección social, como aquellas que procuran garantizar las precitadas leyes.

Subrayamos que uno de los principios rectores de nuestro ordenamiento es evitar la proliferación de acciones y la indeseable probabilidad de que se emitan determinaciones incompatibles respecto de un mismo incidente. Por ello, procede evitar la duplicidad de pleitos. *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR, a la pág. 434.

Tómese en cuenta que existe un pleito de mayor antigüedad que comprende cuestiones comunes de hechos y de derecho a este caso. En específico, en el caso civil núm. SJ2025CV09312, la parte apelada alegó que la legítima Junta de directores de la Corporación fue constituida el 25 de agosto de 2025. Adujo que se aprobó por unanimidad la destitución del señor Marcelo Alí como presidente, y se eligió al señor Padilla Muñoz para dicho puesto. Planteó que el señor Marcelo Alí, la señora Donna Ferri y el señor Rolando Betancourt usurparon sus cargos y que carecían de

---

[12] Entrada 1 SUMAC TPI, a la pág. 9.

autoridad para actuar en nombre de la Corporación. Entre otros remedios, solicitó una sentencia declaratoria, e impugnó diversas escrituras públicas de donación e hipoteca concernientes a la titularidad y la administración de la Corporación y del Hogar.

No albergamos duda en cuanto a que las controversias comunes a ambos pleitos deben ser dilucidadas en una sola acción civil, en lugar de recurrir a mecanismos de naturaleza sumaria, como el *injunction* contemplado en el Art. 7.15 de la Ley Núm. 164-2009. Conforme a la doctrina prevaleciente, el mecanismo procesal adecuado es la presentación de una reconvención compulsoria. Por ello, los errores planteados por la parte apelante no fueron cometidos.

IV

A la luz de los fundamentos antes expuestos, aunque por fundamentos distintos, **confirmamos** la *Sentencia* emitida y notificada el 12 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones